UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BURUDI FAISON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  11-0916 (EGS) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

The plaintiff alleges that the District of Columbia and its agents "were in possession of [his] property after seizing it following his arrest in 1999," Compl. at 2, and, in violation of his Fifth Amendment right to due process, *id.*, the defendants "failed to return [his] property" after the close of the criminal proceedings. *Id.* at 1. He demands return of his property plus interest. *See id.*

The defendants move to dismiss the complaint on the ground that it fails to comply with Rules 8(a), 9 and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mem. of P. & A. in Supp. of Defs. District of Columbia and Mayor Gray's Mot. to Dismiss ("Defs.' Mem.") at 2-4 (page numbers designated by the Court).  They argue that the complaint not only "fails to provide . . . requisite notice of the specific claims against them and the basis for the relief sought," but also "lacks specificity as to the alleged misconduct of these defendants and the date on which the purported misconduct occurred." *Id.* at 2-3.

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per

1

curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "An allegation of time or place is material when testing the sufficiency of a pleading," Fed. R. Civ. P. 9(f), and a complaint which fails to state a claim upon which relief can be granted is subject to dismissal, *see* Fed. R. Civ. P. 12(b)(6).

The plaintiff responds to the defendants' motion with, among other things, a motion to amend his complaint to which he attaches the proposed amended pleading. Mindful that the pleading of a *pro se* plaintiff is liberally construed, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam) (holding "the allegations of [a] pro se complaint . . . to less stringent standards than formal pleadings drafted by lawyers"), and that leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court will grant the plaintiff's motion. The amended complaint purports to address the pleading deficiencies identified by the defendants, and, therefore, the Court will deny the defendants' motion to dismiss in part without prejudice.

The Court also will grant the defendants' motion to dismiss in part. The complaint is construed as one bringing a civil rights suit for damages under 42 U.S.C. § 1983 against the District of Columbia and Mayor Gray in his official capacity only. The claim against Mayor Gray is the equivalent of a § 1983 claim against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). Where, as here, the District is also a defendant, the claim against Mayor Gray is redundant. *See, e.g., Price v. District of Columbia*, 545 F. Supp. 2d 89, 94-95 (D.D.C. 2008). Accordingly, Mayor Gray will be dismissed as a party to this action. *See Elkins v. District of Columbia*, 527 F. Supp. 2d 36, 51 (D.D.C. 2007) (dismissing Mayor as a party to § 1983 suit which "is really a suit against the District of Columbia"); *Univ. Legal Servs., Inc. v. St. Elizabeths Hosp.*, No. 05CV00585, 2005 WL 3275915, at *6 (D.D.C.

July 22, 2005) ("The Court believes that including these individual District officials in this suit is redundant and unnecessary, so the motion to dismiss the individual Defendants is granted.").

An Order accompanies this Memorandum Opinion.

    Signed:    EMMET G. SULLIVAN
                  United States District Judge

    Dated:     February 24, 2012