UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BURUDI FAISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  11-0916 (EGS) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the District of Columbia's motion to dismiss the complaint.  For the reasons stated below, the motion will be granted.

I.  BACKGROUND

Plaintiff alleges that Metropolitan Police Department officers took personal property from him at the time of his arrest on February 14, 1999, and that the property has not been returned.  *See* Am. Compl. [Dkt. #15] at 3 (page numbers designated by ECF).  He has described the circumstances as follows:

> ON FEBRUARY 14, 1999, THE PETITIONER WAS ARRESTED BY THE D.C. POLICE METROPOLITAN POLICE DEPARTMENT AFTER A TRAFFIC STOP.  PETITIONER WAS CHARGED WITH POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND POSSESSION OF A [sic] UNREGISTERED FIREARM.  AT PETITIONER[']S TIME OF ARREST HE WAS IN POSSESSION OF $2511.00 DOLLARS OF U.S. CURRENCY AND DRIVING A 1993 CROWN VICTORIA AUTOMOBILE.  BOTH WERE TAKEN AND HELD BY THE D.C. POLICE DEPARTMENT.

Motion for Return of Property, *United States v. Faison*, No. 99-cr-0079 (D.D.C. filed Apr. 14, 2010) (emphasis in original).  Review of the docket of the criminal case indicates that, on June 25, 1999, plaintiff pled guilty to one count of carrying a firearm during a trafficking offense in

violation of 18 U.S.C. § 924(c)(1), and, on September 7, 2009, the court imposed a 60-month sentence followed by a three-year term of supervised release.

It appears that the Metropolitan Police Department deemed plaintiff's property subject to administrative forfeiture proceedings, and that "the car and cash were declared forfeited to the District of Columbia government in 1999." United States Government's Supplemental Memorandum Responding to Court's Order to Determine Whereabouts or Disposition of Property Seized From Defendant Faison in 1999 ¶ 6, *United States v. Faison*, No. 99-cr-0079 (D.D.C. filed Aug. 27, 2010). "Thus, the whereabouts of the car and cash in 2010 [could not] be specifically determined." *Id.*[1]

## II.  DISCUSSION

According to plaintiff, the District of Columbia's "continued retention of this property has been a denial of plaintiff[']s 14th Amendment rights. The property should be returned or compensation for the value thereof" should be awarded. Am. Compl. at 1 (emphasis removed). Because the District of Columbia is subject to the Fifth Amendment to the United States Constitution but not to the Fourteenth, *see Bolling v. Sharpe*, 347 U.S. 497, 498 (1954), the Court construes the complaint as one bringing a claim under 42 U.S.C. § 1983 against the District for an alleged violation of his right to due process under the Fifth Amendment. The District of Columbia moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the pleading fails to state a constitutional claim upon which relief can be granted.[2] *See* Def.'s Mem. at 4-5.

---

[1]  Plaintiff's motion for return of property was denied without prejudice by Minute Order dated October 5, 2010.
[2]  The Court declines to address the District of Columbia's argument that the complaint is time-barred under the three-year statute of limitations. *See* Def.'s Mem. at 3-4. For the reasons

*A. Dismissal Under Rule 12(b)(6)*

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court grants the plaintiff] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly,* 550 U.S. at 556). "[A] complaint [alleging] facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94 (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

---

stated below, whether or not the complaint was timely filed, it fails to state a constitutional claim upon which relief can be granted.

### B. Plaintiff Fails to State a Viable Constitutional Claim Against the District of Columbia

"[A] municipality can be found liable under [Section] 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (emphasis in original)). The District of Columbia, as a municipality, *see* D.C. Code § 1-102, is subject to liability under Section 1983 only "when an official policy or custom causes the [plaintiff] to suffer a deprivation of a constitutional right." *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986). That policy or custom must itself be the moving force behind the alleged constitutional violation. *Id.* (citing *Monell*, 436 U.S. at 694); *see also Pembauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) (requiring a plaintiff to show a course deliberately pursued by the city establishing an affirmative link between the city's policy and the alleged constitutional violation).

In assessing a Section 1983 claim, the Court first asks whether the complaint articulates a predicate constitutional violation. *See Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2000). To satisfy this prong of the analysis, the complaint need only establish that plaintiff suffered some constitutional harm. *See id.* For purposes of this discussion, the Court presumes without deciding that the alleged forfeiture of plaintiff's car and cash would be deemed a constitutional violation. Next, the Court asks whether the complaint states a "claim that a custom or policy of the municipality caused the violation." *Id.* The law is clear that the Court must determine whether a plaintiff has alleged this "affirmative link" between the policy and the injury; the municipal policy must be alleged to be the "moving force" behind the violation. *Id.*

There is no heightened pleading standard in a case alleging municipal liability for a civil rights violation. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). "Nevertheless, [a] Complaint must 'include some factual basis for the allegation of a municipal policy or custom.'" *Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 29 (D.D.C. 2007) (quoting *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996)); *Smith v. District of Columbia*, 674 F. Supp. 2d 209, 214 n.2 (D.D.C. 2009) (finding that sufficiency of plaintiff's allegations of liability under *Monell* "must be assessed under the standard set by the Supreme Court in *Twombly* and *Iqbal*).

Regardless of the circumstances under which plaintiff's car and cash were taken, his complaint sets forth no factual allegations regarding the existence and enforcement of a municipal policy, custom or practice that directly caused a violation of his Fifth Amendment right to due process. This pleading defect is fatal. *See, e.g., Collington v, District of Columbia*, 828 F. Supp. 2d 210, 215 (D.D.C. 2011). Accordingly, the District's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

Signed:     EMMET G. SULLIVAN
                 United States District Judge

Dated:      November 30, 2012